IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-61,899-03






EX PARTE GUILLERMO CASTANEDA RODRIGUEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2005CRS494-D4(A) IN THE 406TH DISTRICT COURT


FROM WEBB COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child and sentenced to four years' imprisonment. Applicant did not appeal this conviction.

 Applicant contends that his plea was involuntary because the court would not accept his plea
agreement for three years and would not allow him to withdraw his plea of no contest. Applicant
also contends trial counsel rendered ineffective assistance because he did not show the victim and
outcry witness had recanted, a detective had fabricated evidence, and that the offense could not have
occurred in Texas on the date alleged.


 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for making findings of fact. The trial
court shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim
of ineffective assistance of counsel and of an involuntary plea, and may obtain any other evidence
it deems relevant to these issues. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make findings as to whether the trial court did not accept a plea agreement and,
if so, whether Applicant was denied an opportunity to withdraw his plea. The court may make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: July 2, 2008

Do not publish